## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                    Case No. 8:14-cv-1978-T-17AEP

v.

OCTAVIO CRUZ and
ADVANTAGE ACCOUNTING CORP.,

      Defendants.

_____/

## PERMANENT INJUNCTION AGAINST
## DEFENDANTS OCTAVIO CRUZ AND ADVANTAGE ACCOUNTING CORP.
## SUBMITTED BY STIPULATION AND CONSENT

      Plaintiff, the United States of America, defendant, Octavio Cruz, and defendant Advantage

Accounting Corp. stipulate and agree as follows:

1.   The United States of America filed a complaint for permanent injunction under 26 U.S.C.

§§ 7402(a), 7407 and 7408 against Cruz and Advantage Accounting (collectively "the

defendants").

2.   The defendants admit that, for purposes of this injunction, the Court has jurisdiction

pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402(a) and 7407.

3.   The defendants, without admitting any of the allegations in the complaint, waive the entry

of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of

Civil Procedure, consent to the entry of this permanent injunction, and agree to be bound

by its terms.

4.   The defendants agree and consent, without further proceedings, to the immediate

revocation of any Preparer Tax Identification Number (PTIN) that is held by, or assigned

to, or used by the defendants pursuant to 26 U.S.C. § 6109, and the Electronic Filing

Identification Number (EFIN) held by, assigned to, or used by the defendants.

5. The defendants further understand and agree that:

    a.  The stipulated order for permanent injunction will be entered under Fed. R. Civ. P. 65 and will result in the entry, without further notice, of a final judgment in this matter;

    b.  The defendants waive the right to appeal from the stipulated order for permanent injunction;

    c.  The parties will bear their own costs, including any attorneys' fees or other expenses of this litigation;

    d.  The Court will retain jurisdiction over this matter for the purpose of implementing and enforcing the permanent injunction by stipulation and consent;

    e.  If the defendants violate the permanent injunction, they may be subject to civil and criminal sanctions for contempt of court;

    f.  The defendants must comply with the specific directives in the permanent injunction order requiring them, as set forth below, to provide a copy of the Court order to their customers and employees, and to provide documentation of compliance to the United States;

    g.  In addition to the specific directives in the permanent injunction, the defendants have an obligation to preserve all pertinent documents in their possession, including tax returns, informational returns, correspondence, working papers, or

- 2 -

any other documents connected to their tax preparation activities, whether stored

electronically or on paper, as required by the Internal Revenue Code;

h. The United States may conduct full post-judgment discovery to monitor

compliance with the permanent injunction; and

i. Entry of the permanent injunction resolves only this civil injunction action, and

neither precludes the government from pursuing any other current or future civil or

criminal matters or proceedings, nor precludes the defendants from contesting their

liability in any matter or proceeding.

Accordingly, **IT IS HEREBY STIPULATED, ORDERED, and ADJUDGED** pursuant

to 26 U.S.C. §§ 7402(a), 7407 and 7408 that the defendants, and any other person or entity

working in concert or participation with them directly or indirectly, is PERMANENTLY

ENJOINED from directly or indirectly:

1. Preparing, filing or assisting in the preparation or filing of federal tax returns, amended

   returns, or any other related documents or forms for any other person or entity;

2. Providing any tax advice or tax services for compensation, including preparing or filing

   returns, providing consultative services, or representing customers in connection with any

   matter before the Internal Revenue Service;

3. Using the Preparer Tax Identification Number ("PTIN") that is held by, or assigned to, or

   used by the defendants pursuant to 26 U.S.C. § 6109, and the defendants agree and consent,

   without further proceedings, to the immediate revocation of such number;

4. Using the Electronic Filing Identification Number ("EFIN") held by or assigned to anyone

   else;

- 3 -

5. Engaging in conduct subject to penalty under 26 U.S.C. §§ 6694 and 6701; and

6. Engaging in any conduct that interferes with the proper administration and enforcement of the internal revenue laws;

**IT IS FURTHER ORDERED** that the defendants:

1. Within 30 days of entry of this injunction:

   a. Contact by U.S. mail, or by email, if known, all persons for whom they prepared a federal tax return, amended return, or any other federal tax form since January 1, 2014, to inform them of the permanent injunction entered against them, and include a copy of the Court's permanent injunction order, and file with the Court a sworn certificate stating that they have complied with this requirement;

   b. Turn over to the United States a list with the name, address, telephone number, email address, and social security number or other taxpayer identification number of all customers for whom the defendants prepared returns after January 1, 2012;

   c. Provide a copy of the Court's order to all of the principals, officers, managers, employees, and independent contractors of her tax return preparation business, and provide to counsel for the United States within 30 days thereafter a signed and dated acknowledgment or receipt of the Court's order for each person to whom they provided a copy of the Court's order.

2. Immediately prominently post a copy of the final injunction in the offices of the defendants;

3. Provide to the United States a sworn statement evidencing their compliance with the foregoing directives within 45 days of entry of this order; and

12750306.1

**IT IS FURTHER ORDERED** that the United States will be allowed full post-judgment discovery to monitor compliance with the permanent injunction; and

**IT IS FURTHER ORDERED** that the Court will retain jurisdiction over this action for purpose of implementing and enforcing the permanent injunction and any additional orders necessary and appropriate to the public interest. *The Clerk of Court shall close this case.*

Done and Ordered in Tampa, Florida on _____June 8th_____, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

By:    /s/ Valerie G. Preiss
       VALERIE G. PREISS
       Trial Attorney, Tax Division
       Department of Justice
       P.O. Box 14198
       Washington, DC 20044
       Telephone: (202) 514-6475; Fax: (202) 514-9868
       E-mail: valerie.g.preiss@usdoj.gov

       Of Counsel:
       WILFREDO A. FERRER
       United States Attorney

Consented to on June 3, 2015 by:

/s/ Valerie G. Preiss                    /s/ David M. Garvin
VALERIE G. PREISS                        DAVID M. GARVIN, ESQ.
Trial Attorney, Tax Division             Florida Bar No. 347736
U.S. Department of Justice               200 Biscayne Boulevard, suite 3150

- 5 -

12750306.1

Post Office Box 14198
Washington, DC 20044
Telephone: (202) 514-6475
Fax: (202) 514-9868
E-mail: valerie.g.preiss@usdoj.gov
*Attorney for the United States*

Miami, FL 33031
Telephone (305) 371-8101
Fax: (305) 371-8848
E-mail: ontrial2@gmail.com
*Attorney for Octavio Cruz and Advantage
Accounting Corp.*

12750306.1